UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

NEW YORK PERIODICAL
DISTRIBUTORS, INC.,
            Plaintiff,

v.

KENSINGTON PUBLISHING CORP.
AND PENGUIN GROUP (USA),

           Defendants.

Civil Action No. 5:05-CV-66
(FJS/DEP)

## FIRST AMENDED COMPLAINT AND JURY DEMAND

### Nature of Action

1. This is an action brought under Section 2 of the Robinson-Patman Act, 15 U.S.C. § 13, based on indirect price discrimination by the Defendants for at least the past ten years. Plaintiff seeks treble damages and attorney's fees. Plaintiff also alleges unfair trade practices under New York's Donnelly Act, N.Y. Gen. Bus. Law § 340.

### Jurisdiction and Venue

2. Jurisdiction is conferred on this Court by 15 U.S.C. § 15 and 28 U.S.C. § 1337. Jurisdiction is also proper under 28 U.S.C. § 1331, since the action arises under the laws of the United States. The Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

3. Venue is proper in this judicial district pursuant to 15 U.S.C. § 15 and 28 U.S.C. §§ 1391(b) and (c), since Plaintiff's claims arose in this district.

### The Parties

4. New York Periodical Distributors, Inc. ("NYPD") is a New York corporation with its principal place of business at 105 Kuhn Road, Syracuse, New York 13208. NYPD is engaged in the business of buying mass market paperback books from

{F:\WPMain\28834\17616\MJK4255.DOC}

Defendant and distributing them to retailers throughout New York State and Pennsylvania.

5. Kensington Publishing Corp. ("Kensington") is a New York corporation with its principal place of business at 850 Third Avenue, New York, New York, 10022. Kensington is engaged in the business of publishing mass market paperback products and selling them to NYPD and other distributors for resale to retailers.

6. Penguin Group (USA) ("Penguin") is a Delaware corporation with a principal place of business at 375 Hudson Street, New York, New York. Penguin is also engaged in the business of publishing mass market paperback products and selling them to NYPD and other distributors for resale to retailers.

## Background

7. Since at least 1980, NYPD has been purchasing mass market paperback products from Defendants and then marketing and reselling those products to retailers, including drugstores and supermarkets. NYPD supplies retailers in upstate and western New York and in central and western Pennsylvania.

8. Like other publishers, Defendants maintain a returns program by which mass market paperbacks not sold by retailers may be returned to Defendants for credit. Defendants' terms of sale have required NYPD to remove the front covers of the books, ship them back to Defendants, and destroy the remaining bodies of the books in order to obtain credit for returned products.

9. Defendants' returns program has required NYPD to transport any unsold books from its customers' facilities to its own facilities; physically strip; count and store

the covers; shred or otherwise destroy the bodies of the books; sort and create a list of the covers; and physically mail the covers back to Defendants. These activities are costly and time consuming for NYPD.

10. After receiving the returned covers, Defendants issue a credit to NYPD on a monthly basis.

## COUNT I

### (Violation of Robinson-Patman Act)

11. NYPD repeats and realleges paragraphs 1-10 as though fully set forth herein.

12. Upon information and belief, Defendants have not required certain larger distributors which compete with NYPD to adhere to the returns program described above in order to obtain credit for returned books. In particular, Defendants have offered a more favorable returns program to Charles Levy Circulating Company ("Levy"), Anderson Merchandising ("Anderson"), and Advanced Marketing Services ("AMS"), all of which compete with NYPD.

13. Upon information and belief, Defendants have permitted Levy and other competitors to employ the so-called "affidavit" method of submitting returns. Under this procedure, either the retail customer or the distributor's representative strips the back book cover and sends it to Levy. Levy then scans the bar code and sends Defendants an electronic list or affidavit attesting to the books being returned. Defendants also have issued credits to Levy and certain other competitors on a weekly basis, rather than once per month.

14. NYPD has been placed at a competitive disadvantage with competitors such as Levy as a direct and proximate result of Defendants' discriminatory book

returns program and expedited credit terms. Defendants' more favorable electronic or "affidavit" returns program is a service which has subsidized the distributor's costs associated with obtaining credit for unsold products.

15. Defendants' failure to offer NYPD this service and the more favorable credit terms has imposed higher operating costs on NYPD and reduced the margin NYPD has earned on sales. Because NYPD has been forced to bear these increased costs, the prices NYPD has been able to offer to its customers have been affected. Defendants' refusal to offer NYPD the same terms as Levy and other distributors also has prevented NYPD from competing for national accounts, such as Target and Wal-Mart.

16. The acts of Defendants constitute indirect price discrimination in violation of the Robinson-Patman Act, 15 U.S.C. § 13.

17. As a result of Defendants' price discrimination, NYPD has suffered damages in the form of lost sales, lost profits, and lost opportunities in an amount to be determined by the trier of fact.

## COUNT II

### (Violation of Donnelly Act)

18. NYPD repeats and realleges paragraphs 1-17 as though fully set forth herein.

19. The acts of Defendants constitute unfair restraints of competition in violation of the New York Donnelly Act, N.Y. Gen. Bus. Law § 340, as a result of which NYPD has suffered damages in the form of lost sales and profits in an amount to be determined by the trier of fact.

## CLAIMS FOR RELIEF

WHEREFORE, NYPD prays for judgment and relief as follows:

    A.    An Judgment Order declaring that Defendants' actions have violated Section 2 of the Robinson-Patman Act, 15 U.S.C. § 13, under the New York Donnelly Act, N.Y. Gen. Bus. Law § 340, and enjoining Defendants from continuing their discriminatory treatment of NYPD;

    B.    Treble damages, the costs of suit, and attorney's fees in an amount deemed proper by the trier of fact, as provided by section 4 of the Clayton Act, 15 U.S.C. § 15;

    C.    Treble damages, the costs of suit, and reasonable attorney's fees, in an amount deemed proper by the trier of fact, as provided by the Donnelly Act, N.Y. Gen. Bus. Law § 340.5; and

    D.    Such other and further relief as the Court finds just and proper.

## JURY DEMAND

**Plaintiff NYPD hereby demands a trial by jury on all issues so triable with respect to its First Amended Complaint.**

Dated: June 28, 2005

                      Menter, Rudin & Trivelpiece, P.C.
                      Attorneys for Plaintiff
                      New York Periodical Distributors, Inc.

                      By: _____
                         Mitchell J. Katz, Esq.
                      Bar Roll No. 301057
                      500 South Salina Street, Suite 500
                      Syracuse, NY 13202-3300
                      (315) 474-7541

and

Norman Williams, Esq.
Megan J. Shafritz, Esq.
Gravel and Shea
76 St. Paul Street, 7th Floor
P. O. Box 369
Burlington, VT  05402-0369
(802) 658-0220
Attorneys for Plaintiff
New York Periodical Distributors, Inc.